IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. EBLOVI ET AL.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR DSLA MORTGAGE LOAN TRUST 2006-AR1 ET AL.,<br><br>　　　　Defendants. | No. CV 13-01596 CRB<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

　　Plaintiffs David and Monica Eblovi have filed a single-count complaint alleging that Defendants violated the Protecting Tenants at Foreclosure Act of 2009 (PTFA), Pub. L. No. 111-22, §§ 701-704, 123 Stat. 1660, 1632, 1660-62. See Compl. (dkt. 1). The Eblovis allege that they were tenants under a valid residential lease agreement entitling them to occupy the residence at 482 Coronado Avenue, Half Moon Bay, California, until at least 2014. Id. at 5. According to the Eblovis, the property was sold at a trustee sale in February 2012, and the Eblovis efforts to identify the new owners and continue making rent payments under the terms of the lease were unsuccessful. Id. at 6. Defendants ultimately took ownership and initiated unlawful detainer proceedings to evict the Eblovis. Id. at 7. The Eblovis unsuccessfully litigated their eviction in state proceedings, id. at 7-8, and are scheduled to be evicted at 6:00 a.m. on April 11, 2013, see TRO App. (dkt. 2) at 2.

The standard for issuing a temporary restraining order is well established: the party seeking relief must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent relief; (3) the balance of equities tips in its favor; and (4) the requested relief is in the public interest. Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). "[I]njunctive relieve [is] an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." Id. at 22. Under the Ninth Circuit's "sliding scale" approach, the first and third elements can be balanced such that "serious questions" going to the merits and a balance of hardships that "tips sharply" towards the movant is sufficient so long as the other two elements are met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Here, the Eblovis have not demonstrated a likelihood of success on the merits because there is no private right of action to enforce the PTFA. Though this Court is aware of no Ninth Circuit precedent on point, district courts in this circuit analyzing whether the PTFA provides a private right of action under the multi-factor test set out in Cort v. Ash, 422 U.S. 66 (1975), have consistently held that no such right exists. E.g., Sotelo v. REO Capital Inv. & Asset Mgmt., Inc., No. 12-CV-04604-NC, 2012 WL 5269642, at *2 (N.D. Cal. Oct. 23, 2012); Deutsche Bank Nat'l Trust Co. v. Eaddy, No. 12-CV-01845-YGR, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012); Lopez v. DAPC LLC, No. 12-01575-EDL, 2012 WL 2237227, at *3 (N.D. Cal. June 15, 2012); Nativi v. Deutsche Bank Nat'l Trust Co., No. 09-06096-PVT (N.D. Cal. May 26, 2010). This Court agrees with the reasoning in those cases.

Accordingly, the Eblovis have not met their burden of establishing their entitlement to the requested "extraordinary remedy," and the Court DENIES their motion for a temporary restraining order (dkt. 2).

**IT IS SO ORDERED.**

Dated: April 10, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE